Dunn-DJ v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-163-CR
&
No. 10-95-164-CR

     DAVID JAMES DUNN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 292nd District Court
Dallas County, Texas
Trial Court Nos. F94-61872-W & F94-56284-RV
                                                                                                    

O P I N I O N
                                                                                                    

      In Cause No. 10-95-163-CR Appellant Dunn appeals from his conviction for possession of
cocaine (1 gram, or more, but less than 4 grams), for which he was sentenced to 4 years in the
Texas Department of Criminal Justice and assessed a $750 fine.
      In Cause No. 95-164-CR Dunn appeals from revocation of his probation in a prior conviction
for possession of cocaine, and from the resulting sentence of 4 years in prison and and a $750 fine.
      In Cause No. 10-95-163-CR, officers had been conducting surveillance at an apartment
complex in Dallas. A man leaving apartment #103 was stopped by the police and crack cocaine
was found on his person. Thereafter, on December 2, 1994, Officer Conoway, a female officer,
and two other officers knocked on the door of apartment #103. Appellant answered, and told the
officers that the lessee, Donna Ashford, was not at home. Shortly thereafter, Ms. Ashford arrived
and gave the officers consent to search. During this time Appellant was seated on a couch in the
apartment. Officer Conoway asked Appellant his name and date of birth. Appellant hesitated and
said, "he might have warrants out for his arrest." The officer responded, "We're not worried
about that right now. We can work that out." Officer Conoway then asked Appellant for consent
to search his person. Appellant agreed and began pulling items out of his pockets, including a
marihuana cigarette. Officer Conoway then asked her partner, Officer Walker, a male officer, to
complete the search. Walker took Appellant into the bedroom for a search of his underwear which
revealed a matchbox containing four plastic baggies of cocaine. Appellant was then arrested, and
later indicted for possession of cocaine.
      Prior to trial, Appellant filed a motion to suppress the evidence of cocaine, asserting the
search was made without a warrant and without Appellant's "valid consent." The trial court, after
a hearing, overruled Appellant's motion to suppress. Thereafter, Appellant pled guilty before the
court, was found guilty, and was sentenced to 4 years in prison and assessed a fine.
      Appellant appeals in Cause No. 10-95-163-CR on two points of error.
      Point one: "The fruits of the search of Appellant's person must be suppressed because
Appellant did not freely and voluntarily consent to the search."
      Specifically, Appellant contends his consent to the search was not voluntary because it was
the product of deception and coercion on the part of the police.
      At the hearing on the motion to suppress, Officer Conoway testified Appellant was reluctant
to give his date of birth because "he had warrants out for his arrest," and that she replied, "We're
not worried about that now. We can work that out." After that, Appellant gave his consent to the
search. When Appellant's pocket contents revealed a marihuana cigarette, Officer Conoway
testified, "she decided at that time to arrest him but did not do so because she was there with him
by herself and didn't want to alarm him at that moment." She then asked Officer Walker, a male
officer, to complete the search which involved search of Appellant's underdrawers, which search
disclosed the cocaine.
      Appellant consented to the search, and the fact that thereafter, during the search, he was
unaware that the officer had decided to arrest him lends no support to his claim of involuntary
consent.
      Appellant further claims he was subtly coerced into consenting to the search when the officer
said, "We can work that out," when he told her he might have outstanding warrants. There is no
evidence that this statement by the officer coerced Appellant. Appellant did not testify or
otherwise offer evidence that it did so. There is no evidence which suggests that there was duress
or coercion in obtaining his consent to the search.
      Whether a consent to a search was in fact "voluntary," or was the product of duress or
coercion, express or implied, is a question of fact to be determined from the totality of the
circumstances. Paulis v. State, 633 S.W.2d 827, 850-51 (Tex. Crim. App. 1982) (on rehearing);
Meeks v. Sate, 692 S.W.2d 504, 510 (Tex. Crim. App. 1985).
      The trial court did not err in overruling Appellant's motion to suppress. Point one is
overruled.
      Point two: "The failure of the trial court to orally admonish Appellant as to the range of
punishment constituted reversible error."
      Appellant asserts he was not properly admonished before the court accepted his plea of guilty
because the record does not show any oral admonishment by the court. The record does show that
he was properly admonished in writing.
      Tex. Code Crim. Proc. 26.13(d) allows the required admonishments to be given either orally
or in writing. Appellant was fully admonished in writing and signed acknowledgment, along with
his attorney, that he had read the admonitions, understood them, was aware of the consequences
of his plea, and that his lawyer had explained to him all of the admonitions given by the court in
this document. Point two is overruled.
      In Cause No. 10-95-164-CR Appellant was convicted of possession of cocaine on July 26,
1994, after a plea of guilty. He was sentenced to 4 years in prison and assessed a fine of $750,
but was placed on probation for 4 years.
      After Appellant was convicted in Cause No. 10-95-163-CR for possession of cocaine on
March 22, 1995, the trial court called for trial, the State's motion to revoke Appellant's probation
in Cause No. 10-95-164-CR. Appellant pled "true" to violating the terms of his probation subject
to his motion to suppress in Cause No. 10-95-163-CR.
      The trial court revoked Appellant's probation and sentenced him to 4 years in prison and
assessed a $750 fine.
      Appellant appeals Cause No. 10-95-164-CR on four points of error.
      Point one: "The failure of the trial court to orally admonish Appellant as to the range of
punishment constituted reversible error."
      Appellant pled guilty to possession of cocaine on July 26, 1994, and was sentenced to 4 years,
probated, and assessed a fine. He asserts he was not properly admonished before the court
accepted his plea of guilty because the record does not show any oral admonishments by the court. 
The record does show that he was properly admonished in writing.
      Tex. Code Crim. Proc. 26.13(d) allows the required admonishments to be given either orally
or in writing. Appellant was fully admonished in writing and signed acknowledgment, along with
his attorney, that he had read the admonitions, understood them, was award of the consequences
of his plea, and that his lawyer had explained to him all of the admonitions given by the court in
this document. Point one is overruled.
      Point two: "The fruits of the search of Appellant's person must be suppressed because
Appellant did not freely and voluntarily consent to the search."
      Specifically, Appellant contends the consent to search Appellant in Cause No. 10-95-163-CR
was not voluntarily given, the search was illegal, the evidence seized was illegal, and that his
probation could not be revoked upon this evidence.
      Consent for the search was voluntarily given and we refer to our discussion under Appellant's
point one in Cause No. 10-95-163-CR. Point two is overruled.
      Point three: "The revocation of probation must be set aside because Appellant was laboring
under the false impression that the suppression issue could not be appealed."
      Point four: "Appellant was denied the right to effective assistance of counsel."
      In points three and four, Appellant claims that his plea of true was not voluntary because he
labored under the impression he could not appeal the trial court's ruling on his motion to suppress,
and that his attorney provided ineffective assistance by advising him to plead true when he could
not appeal the trial court's ruling on the motion to suppress.
      Appellant did appeal the trial court's ruling on the motion to suppress, albeit unsuccessfully,
in his appeal in Cause No. 10-95-163-CR. Points three and four are without merit and are
overruled.
      The judgments in both cases are affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed August 30, 1996
Do not publish